PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:19-CR-124-004 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| EDWIN A. TAVAREZ, ) | |
| ) | **ORDER** |
| Defendant. ) | |

The Sixth Circuit reversed the Court's summary order and remanded for further consideration intoning that the Court make clear its consideration of the relevant § 3553(a) factors when it denied Defendant's § 3583(e)(1). *See* ECF No. 310 at PageID #: 2026 (adopting the principle that "[a] district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.").

**I.**

The Court imposed an 18-month term of incarceration to be followed by four years of supervised release with conditions, including that the first 12 months of his term of supervised release be served on home detention with location monitoring. Later, the Court granted Defendant's motion for compassionate release, after finding that Defendant was due credit for time served that he would not likely be timely awarded and that the § 3553(a) factors were no barrier to his early release. ECF No. 218 at PageID #: 1494, 1499. The Court specifically stated that it was exercising its discretion to fill a gap since filled by the Sentencing Commission. ECF No. 218 at PageID #: 1498. Importantly, the Court emphasized that the

1:19-CR-673 (1:23-CV-2372)

sentence reduction was to provide Defendant the time-served credit he had earned. It was not meant to convey "that Defendant's rehabilitative efforts [were] "extraordinary and compelling" reasons for his release. See ECF No. 218 at PageID #: 1500 n.5. Even still, the Court modified a condition of Defendant's four-year term of supervised release, requiring him to spend the first 30 days of his supervised release at a halfway house. ECF No. 218 at PageID #1501. The term of supervised release was unchanged.

The Court denied Defendant's request for early termination of his supervised release, after considering all that it should, including the appropriate § 3553(a) factors, as invoked by 18 U.S.C. § 3583(e)(1).[1] Furthermore, the Court considered the entire record regarding Defendant, and the thorough report written by Defendant's supervising probation officer which recommended denial of the request. See Supervision Report, ECF No. 257.

## II.

Defendant started abusing cocaine at age 40. Five years later, he was indicted along with several co-defendants for delivering kilograms of cocaine to a restaurant frequented by the public on the west side of Cleveland. Although the sentencing guidelines suggested 46–57 months of incarceration, Defendant was facing a mandatory minimum of five years before the Court applied the safety valve, allowing a below mandatory minimum sentence. As required, the Court considered the appropriate § 3553(a) factors and, ultimately, varied downwards to

---

[1] After consideration of certain § 3553(a) factors, a district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." ECF No. 310 at PageID #: 2024 (citing 18 U.S.C. § 3583(e)(1)).

1:19-CR-673 (1:23-CV-2372)

impose 18 months (to be served concurrently). Notably, while not required to, the Court maintained the minimum term of supervised release, four years. The length of supervision was intentional and unchallenged until now.

When Defendant petitioned for early termination, the Court considered the nature and circumstance of Defendant's drug trafficking, his history and characteristics, the need to deter future criminal conduct and protect society, and Defendant's present circumstances. The Court remained concerned that a middle-aged, well-resourced person would blatantly defy the law and place unsuspecting members of the public in danger in such a serious way. More specifically, the Court recalled that Defendant had been caught driving with a kilogram of cocaine in the car. When his home was searched, another kilogram of cocaine was found in addition to nearly $20,000 in cash. Defendant admitted his disobedience to the law.

Before denying Defendant's request for early release, the Court considered all that it should, including the appropriate section 3553(a) factors. Given that Defendant—at his age and with his resources, had been an unlikely candidate for drug trafficking, the Court concluded that continuing to interact with Defendant while he was in the community was important to deter any future criminal activity and protect the public.[2]

## IV. Conclusion

As stated above, when it denied Defendant's request for early termination of his term of supervised release, the Court considered all that it should, including the § 3553(a) factors, as

---

[2] At sentencing, because Defendant had never been incarcerated before the indictment that brought him to federal court, the Court believed a lesser term of incarceration would be sufficient, especially given the four-year term of supervised release imposed.

3

1:19-CR-673 (1:23-CV-2372)

invoked by 18 U.S.C. § 3583(e)(1).  Thus, the reasoning required by the remand is herein provided.

  IT IS SO ORDERED.

| July 17, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |